3:12-CV-441-J-32MCR

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA.

CASE NO.: 16-2012-CA-003512
DIVISION: CV-B

SUSAN KELLY,
      Plaintiff,

v.

MAYO CLINIC FLORIDA,
a Florida non-profit corporation,

      Defendant.




## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SUSAN KELLY, sues the Defendant, MAYO CLINIC FLORIDA, a Florida non-profit corporation, (hereinafter Defendant), and alleges:

1. This is an action for damages that exceeds Fifteen Thousand Dollars ($15,000.00) exclusive of prejudgment, interest, costs and reasonable attorney's fees.

2. At all times material hereto, Plaintiff was a resident of Jacksonville, Duval County, Florida.

3. At all times material, Defendant was a Florida corporation which has offices and/or does business in Jacksonville, Duval County, Florida.

4. At all times material hereto, the Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Fair Labor Standards Act of 1938, as amended (hereinafter the "Act") and thereby subject to revisions of that Act relating to the payment of overtime wages to its employees.

5. From on or before March 6, 2009, Plaintiff was employed by Defendant in a



EXHIBIT A

position of employment that is not subject to any exemption from the overtime wage provisions of the Acts.

6. During all times material, the Defendant failed and/or refused to post information regarding the Plaintiff's rights and obligations under the FLSA.

7. The Defendant has violated the overtime wage provisions of the Act by reason of its failure to pay the Plaintiff overtime wages for hours worked during any designated work week which exceeded forty (40) during any given workweek.

8. The Defendant's violation of this Act was a continuing violation for a period that exceeded the three years preceding the filing of this Complaint.

9. The Defendant's failure to pay overtime wages to the Plaintiff required under the provision of the Acts constitutes a willful violation of the Act thereby permitting Plaintiff to recover unpaid overtime wages plus liquidated damages for at least a three (3) year period of time immediately preceding the date this action is filed. The Defendant has demonstrated its willful intent to violate the Act and that it has no reasonable basis for failing and refusing to pay the Plaintiff overtime wages.

10. By reason of the Defendant's violation of the Act, the Plaintiff is entitled to recover all amounts provided under Section 16 of the Act including Plaintiff's overtime wage compensation plus an additional equal amount as liquidated damages.

11. Plaintiff has retained the undersigned counsel and has agreed to pay a reasonable fee for their services herein.

**WHEREFORE**, Plaintiff demands judgment against the Defendant individually for statutory, compensatory and liquidated damages, prejudgment interest, costs and reasonable attorney's fees.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

RESPECTFULLY SUBMITTED,

_____
DAVID B. SACKS, ESQUIRE
Fla. Bar No.: 964409
1017 Lasalle Street
Jacksonville, FL 32207
Tele: (904) 634-1122
Fax: (904) 355-8855
Email: david@sackslegal.com
Attorney for Plaintiff