UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Susan Kelly,

        Plaintiff,

    v.                                    Civil Action No. 3:12-cv-00441-TJC-MCR

Mayo Clinic Florida,

        Defendant.

_____

**ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW the Defendant Mayo Clinic Jacksonville ("Defendant" or "Mayo"), by and through its undersigned counsel, and hereby answers the Complaint filed against it by Plaintiff, Susan Kelly ("Plaintiff") and raises its defenses as follows:

1. Defendant admits Plaintiff has brought this action for damages alleging violation of the Fair Labor Standards Act, but Defendant denies it has violated any law or that Plaintiff is entitled to any relief or damages.

2. Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 2 of Plaintiff's Complaint and therefore denies the same.

3. Defendant admits it is a Florida nonprofit corporation doing business in Jacksonville, Florida.

4. Defendant admits the allegations contained in paragraph 4 of Plaintiff's Complaint, but Defendant denies it has violated any law or that Plaintiff is entitled to any relief or damages.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint, but Defendant denies it has violated any law or that Plaintiff is entitled to any relief or damages.

6. Defendant denies the allegation contained in paragraph 6 of Plaintiff's Complaint.

7. Defendant denies the allegation contained in paragraph 6 of Plaintiff's Complaint.

8. Defendant denies the allegation contained in paragraph 6 of Plaintiff's Complaint.

9. Defendant denies the allegation contained in paragraph 6 of Plaintiff's Complaint.

10. Defendant denies the allegation contained in paragraph 6 of Plaintiff's Complaint.

11. Defendant is without sufficient knowledge to either admit or deny the allegation contained in paragraph 11 of Plaintiff's Complaint and therefore denies the same.

Defendant denies any and all allegations contained in the WHEREFORE paragraph of the Complaint and that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitations.

### Third Affirmative Defense

Any acts of Defendant have been lawful, justified and undertaken in good faith, in that at all times, Defendant was asserting its legal rights with a good faith belief in those rights and had reason to believe its actions or omissions were not a violation of the Fair Labor Standards Act.

### Fourth Affirmative Defense

Plaintiff is estopped from asserting any claims for relief against Defendant, as Defendant has fully performed any alleged statutory, contractual, or other duties which were owed to Plaintiff.

### Fifth Affirmative Defense

Plaintiff's claims are barred to the extent applicable by the doctrines of estoppel, waiver, laches, and unclean hands.

### Sixth Affirmative Defense

Plaintiff's requests for recovery are limited by law.

### Seventh Affirmative Defense

The Plaintiff cannot recover unpaid overtime compensation (the entitlement to which is expressly denied) because she did not work more than 40 hours in a single workweek during some or all of her employment with Defendants.

### Eighth Affirmative Defense

Mayo Clinic Florida was not Plaintiff's employer.

### Ninth Affirmative Defense

Defendant reserves the right to plead other affirmative defenses which may become known during discovery in this case.

WHEREFORE, DEFENDANT requests that after due proceedings are had, that Plaintiff's Complaint be dismissed in its entirety and with prejudice and that Plaintiff take nothing. Further, Defendant requests judgment be rendered in favor of Defendant and that it be awarded all costs and attorney's fees incurred in defending this meritless action and other such relief the Court deems just and proper.

Respectfully submitted,

   /s/ Jonathan W. Oliff
Jonathan W. Oliff, Florida Bar No. 0496197
**FOLEY & LARDNER LLP**
One Independent Drive, Suite 1300
Jacksonville, FL 32202-5017
P. O. Box 240
Jacksonville, FL 32201-0240
904.359.2000 (Telephone)
904.359.8700 (Facsimile)

John S. Lord, Jr., Florida Bar No. 0016527
**FOLEY & LARDNER LLP**
111 N. Orange Avenue, Suite 1800
Orlando, FL 32801-2386
407.423.7656 (Telephone)
407.648.1743 (Facsimile)

Attorneys for Defendant Mayo Clinic Jacksonville

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 26, 2012 I, electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

David B. Sacks, Esquire
1017 Lasalle Street
Jacksonville, FL 32207

david@sackslegal.com

   /s/ Jonathan W. Oliff
Jonathan W. Oliff

4